IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 7-cr-30178-SMY |
| | ) |
| GARY STEVENSON, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**YANDLE, District Judge:**

On March 6, 2009, Defendant Gary Stevenson was found guilty of conspiracy to possess with the intent to distribute cocaine and cocaine base ("crack cocaine") (Doc. 444). The jury returned special verdicts finding Defendant responsible for five (5) or more kilograms of cocaine and 50 or more grams of crack cocaine (Doc. 445). He was subsequently sentenced to life imprisonment, fined $500, and ordered to pay a $100 special assessment (Doc. 593). He is currently housed at the United States Penitentiary-Victorville with no anticipated release date.

Now pending before the Court is Stevenson's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act on December 21, 2018 (Doc. 795). The Government opposes the Motion (Docs. 798 and 802). For the following reasons, the Motion is **DENIED**.

## Discussion

Section 603 (b)(1) of the First Step Act permits the Court to reduce a term of imprisonment on motion of either the Director of the Bureau of Prisons ("BOP") or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements

issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). A defendant seeking compassionate release must first request that the BOP file a motion seeking the same. *Id*. If the BOP declines to file a motion, the defendant may file a motion on his own behalf, provided he has either exhausted administrative remedies or 30 days have elapsed since the warden at his institution received such a request, whichever is earliest. *Id*. Here, there no dispute that administrative remedies were exhausted.

Should a court find compelling reasons exist for release, it must then weigh the factors set forth in Courts must also consider any application factors as set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); *United States v. Ebbers*, 2020 WL 91399, at *6 (S.D.N.Y. Jan. 8, 2020). Those factors include "(1) the nature and circumstances of the offense and history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant; and (3) the kinds of sentences and sentencing range for the applicable category of offense committed." *United States v. Jackson*, 2020 WL 3396901, at *4 (N.D. Ind. June 19, 2020) citing 18 U.S.C. § 3553(a)).

Here, Defendant argues that the "extraordinary and compelling reasons" justifying his early release from imprisonment are the changes to the mandatory minimums associated with § 851 enhancements after the amended First Step Act and the fact that, if tried and sentenced today, he would be facing a mandatory minimum sentence of fifteen (15) years instead of life. In further support of his motion, Defendant notes his post-incarceration rehabilitation.

Defendant has failed to demonstrate extraordinary and compelling reasons for his release. While § 401 of the First Step Act changed the mandatory minimum sentences associated with § 851 enhancements, Congress chose not to make this change retroactive. Thus, Congress did not

intend for individuals who were sentenced prior to the Act to benefit from those changes. And Defendant offers no compelling reason for this Court to do so.

Moreover, the § 3553(a) factors do not weigh in favor of Defendant's release. Defendant admits he is not a first-time drug offender, but notes since incarcerated he has not sold drugs, used drugs, or failed a drug test. He also references many courses taken to better himself while incarcerated. He asserts that he has a 'solid release plan' to include employment and extensive family support.

The Court notes that Defendant has incurred seven (7) disciplinary violations during his period of incarceration: two violations for possessing a dangerous weapon; a violation for fighting; a violation for assaulting another inmate by striking him in the upper body in a stabbing motion; and violations for phone abuse, refusing to obey an order, and possessing a non-hazardous tool (Doc. 798, Ex. A). And BOP has determined that he presents a medium recidivism risk (*Id*. at Ex. B). According to the PSR, Defendant also fired shots at family members of the victim, resulting in a conviction for Assault I. Taken together, Defendant's criminal history, continued disciplinary issues while incarcerated, and risk for recidivism militate against Defendant's release.

For the foregoing reasons, Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582 (c)(1)(A) as Amended by the First Step Act of 2018 (Doc. 795), is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  January 21, 2022**

**STACI M. YANDLE**
**United States District Judge**